IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MYUNG HEE STANT,<br><br>                      Petitioner,<br><br>      vs.<br><br>HIROMICHI KOBAYASHI, ET AL.<br><br>                      Defendants. | Civ. No. 19-00657 JMS-KJM<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE |

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

**I. INTRODUCTION**

On December 10, 2019, Petitioner Myung Hee Stant ("Petitioner") filed a petition under 28 U.S.C. § 2241 challenging her current custody in the Federal Detention Center in Honolulu, Hawaii. ECF No. 1 at PageID #9. Based on the following, the Petition is DISMISSED.

To the extent the Petition challenges her removability for a violation of the Visa Waiver Program ("VWP"), the Petition is dismissed *with* prejudice for lack of jurisdiction. *See, e.g.*, *Riera-Riera v. Lynch*, 841 F.3d 1077, 1079 (9th Cir. 2016) (reiterating that the VWP requires that the alien agree to waive any challenge to removability other than asylum); *Iasu v. Smith*, 511 F.3d 881, 886-87 (9th Cir. 2007) (explaining that 8 U.S.C. § 1252(a)(5) eliminated district court

1

jurisdiction under § 2241 over orders of removal, in lieu of a possible petition in a court of appeals).

To the extent the Petition challenges, on due process grounds, her current detention following the issuance of a final order of removal, the petition is dismissed *without* prejudice because her detention is still within the 90-day removal period under 8 U.S.C. § 1231(a)(2). *See Diouf v. Napolitano*, 634 F.3d 1081, 1086 (9th Cir. 2011) (requiring an individualized bond hearing before an immigration judge, but only for aliens facing "prolonged detention"); *id.* at 1089 & 1091 (indicating that "[d]uring the 90-day removal period, [the Department of Homeland Security ("DHS")] is required to detain the alien [under § 1231(a)(2)]," and that "the DHS regulations providing for the initial, 90-day review do not raise serious constitutional concerns").

## II. **DISCUSSION**

On November 27, 2019, United States Immigration and Customs Enforcement issued Petitioner a final administrative order of removal to South Korea, based upon Petitioner's violation of the VWP. ECF No. 6-1 at PageID #118. She has been in custody based on that final order of removal since November 26 or 27, 2019. *Id.* at PageID #124. Petitioner was admitted to the United States on April 30, 2010 as a non-immigrant visitor under the VWP, with authorization to remain in the United States for a temporary period not to exceed

July 29, 2010. *Id.* at PageID #119. She remained in the United States past July 29, 2010, and has resided in this country since that time. She is now married to an American citizen and has a pending application for adjustment of status. ECF No. 1 at PageID #7; ECF No. 1-1 at PageID #16.

Petitioner agrees that visitors entering the United States under the VWP "must waive 'any right . . . to contest, other than on the basis of an application for asylum, any action for removal.'" *Momeni v. Chertoff*, 521 F.3d 1094, 1096 (9th Cir. 2008) (quoting 8 U.S.C. § 1187(b)). "[T]his no contest clause . . . [is] 'the linchpin of the [VWP], which assures that a person who comes here with a VWP visa will leave on time and will not raise a host of legal and factual claims to impede removal if he [or she] overstays.'" *Id.* (quoting *Handa v. Clark*, 401 F.3d 1129, 1135 (9th Cir. 2005)). And she also appears to concede—as she must—that "after [May 11, 2005] a 'district court plainly lacks habeas jurisdiction' over challenges to removal orders." *Id.* at 1095 (quoting *Iasu*, 511 F.3d at 888) (brackets omitted). *See* Reply at 1, ECF No. 10 at PageID #135 ("Petitioner is not requesting to contest her removal process. That [is,] under the [VWP], aliens who enter under VWP and overstays waives any rights to contest the removal actions."). Accordingly, to the extent the Petition seeks to challenge Petitioner's final order of removal, the Petition is DENIED with prejudice.

Although this court lacks habeas jurisdiction under § 2241 to challenge removability itself, "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001); *see also, e.g.*, *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) (concluding that federal courts have habeas jurisdiction over due process claims by aliens being detained over six months without a bond hearing, where aliens were not challenging the order of removal, the decision to detain them, or "any part of the process by which their removability will be determined") (quoting *Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018)). In that regard, Petitioner explains that she is challenging her current detention, contending that she is entitled to due process. She argues that "[t]he government must justify the need for the Petitioner's incarceration pending removal." ECF No. 10 at PageID #136. She argues that she is not a flight risk or a danger to her community, and is requesting to be released to the custody of her husband or to be allowed to post a bond pending appearance for removal. *Id.*

Petitioner is being held in custody under 8 U.S.C. § 1231(a)(2) because she is subject to a final order of removal. The order of removal is final because—as Petitioner admits—under the VWP she waived any right to challenge

her removability except for applying for asylum.[1] And she has no asylum application pending.[2] Nor is she challenging the validity of that waiver. *See Bingham v. Holder*, 637 F.3d 1040, 1043-44 (9th Cir. 2011) (holding that a VWP entrant can invoke 8 U.S.C. § 1252(a) to challenge the final order of removal to "address the limited question of whether [petitioner] has presented any viable claim that [her] waiver was invalid").

Unless otherwise provided by law, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). This 90-day period is "known as the 'removal period.'" *Diouf*, 634 F.3d at 1085. Importantly, "[d]etention during the relatively brief removal period is *mandatory*." *Id.* (citing 8 U.S.C. § 1231(a)(2)) (emphasis added). And "[i]f the alien is not removed during

---

[1] *See Nicusor-Remus v. Sessions*, 902 F.3d 895, 898 (9th Cir. 2018) (concluding that the DHS's determination of a VWP entrant's removability "is a final order of removal over which [the Ninth Circuit] may have jurisdiction . . . so long as it has not been executed").

[2] Similar § 2241 cases challenging prolonged detention arising out of VWP overstays have analyzed due process issues where the basis of detention was 8 U.S.C. § 1226, which governs detention *prior to* a final order of removal. *See, e.g.*, *Mitka v. ICE Field Office Director*, 2019 WL 5892025, at *2 (W.D. Wash. Nov. 12, 2019); *Emila N. v. Ahrendt*, 2019 WL 1123227, at *2 (D.N.J. Mar. 12, 2019); *Neziri v. Johnson*, 187 F. Supp. 3d 211, 212-13 (D. Mass. 2016). Those cases, however, involved petitioners whose removal orders were not final because—unlike in the instant case—petitioners had asylum applications pending, or otherwise had challenges to removability pending on direct review. *Compare Emila N.*, 2019 WL 1123227, at *3 ("[N]or is [petitioner] truly subject to a final, executable order of removal that would subject her to detention under § 1231 insomuch as she is still in asylum proceedings").

the removal period, continued detention is authorized, in the discretion of the Attorney General, by § 1231(a)(6) [if applicable]." *Id.*

*Diouf* indeed held that "prolonged detention under § 1231(a)(6), without adequate procedural protections, would raise 'serious constitutional concerns.'" *Id.* at 1086 (citing *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 950 (9th Cir. 2008)). It "construe[d] § 1231(a)(6) as requiring an individualized bond hearing, before an immigration judge, for aliens facing prolonged detention under that provision." *Id.* "Such aliens are entitled to release on bond unless the government establishes that the alien is a flight risk or will be a danger to the community." *Id.*

But that time has not come. Petitioner is still within the initial 90-day period—having been detained at the earliest on November 26, 2019. During this period, detention is mandatory. *Id.* at 1085 (citing § 1231(a)(2)). Petitioner is not facing "prolonged detention." And *Diouf* reasoned that "the DHS regulations providing for the initial, 90-day review do not raise serious constitutional concerns." *Id.* at 1091. It reasoned that its focus "is on *prolonged* detention." *Id.* It analyzed the applicable regulatory scheme, concluding that "given the relatively limited period of detention involved, and in view of the [*Mathews v. Eldridge*, 424

U.S. 319 (1976)] factors as a whole, the process afforded by the DHS regulations is adequate." *Id.*[3]

When this Petition was filed, Petitioner had been in custody for only two weeks. And, even now, she has not been in custody past the statutory "removal period," during which time detention is mandatory. The Petition fails to state a violation of due process. *See Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004) ("Because petitioners filed their habeas petitions during the 90-day removal period, the district court correctly dismissed the petitions."). Accordingly, to this extent, the Petition is DISMISSED without prejudice. If Petitioner *later* faces "prolonged detention" without the benefit of other process, she may file a new § 2241 petition if appropriate.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Petition is DISMISSED. To the extent it seeks to challenge removability, it is denied with prejudice. To the extent it challenges Petitioner's current detention, it is denied without prejudice. The court

---

[3] *Diouf* did not specifically define a period of "prolonged detention," but it appears that—at least in the context of that case—"serious constitutional concerns" arise after 180 days. *See* 634 F.3d at 1091 ("The DHS regulations governing the 180-day review, however, *do* raise serious constitutional concerns."); *id.* ("Thus, at the 180-day juncture, the DHS regulations are appropriate but not alone sufficient to address the serious constitutional concerns raised by continued detention."); *see also Zadvydas*, 533 U.S. at 701 (indicating that the due process analysis changes as "the period of . . . confinement grows"). To be clear, the court is not deciding in this Order at what point after the 90-day removal period due process might require a bond hearing or release pending actual removal.

need not determine whether to issue a certificate of appealability in this § 2241 proceeding because petitioner's detention does not "arise[] out of process issued by a State court." *Forde v. U.S. Parole Comm'n*, 114 F.3d 878, 897 (9th Cir. 1997) (quoting 28 U.S.C. § 2253(c)(1)(A)). The clerk of court shall close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 10, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Stant v. Kobayashi, et al.,* Civ. No. 19-00657 JMS-KJM, Order Dismissing Action without Prejudice